IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:19CR101 |
| v. | |
| CHARLES L. BURR, | ORDER |
| Defendant. | |

This matter is before the Court on defendant Charles L. Burr's ("Burr") pro se Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Filing No. 155). On June 15, 2020, Burr pleaded guilty to conspiracy to distribute and possession with intent to distribute 500 grams or more of methamphetamine. Burr was sentenced to a term of imprisonment of 204 months, followed by 10 years of supervised release. He now seeks relief under § 2255.

In his plea agreement, Burr agreed to limit his rights to appeal and collaterally attack his conviction and sentence. However, he preserved his right to raise ineffective-assistance-of-counsel claims.

Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts requires the Court to complete an initial review of Burr's § 2255 motion. If it "plainly appears" that Burr is not entitled to relief based on the motion, attached exhibits, and the record, the motion will be dismissed. *Id.* If the motion is not dismissed, the Court must order the United States Attorney to "file an answer, motion, or other response," or "to take other action the judge may order." *Id.*

Burr's core argument in support of § 2255 relief is that his attorney was unconstitutionally ineffective in "fail[ing] to file a Notice of Appeal." He contends he told his attorney to file an appeal "on two separate occasions"—when Burr signed his plea

agreement and at sentencing. Burr also claims he "was not made aware of this constitutional violation" until recently, at the advice of a "paralegal/jailhouse attorney."

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") "imposed, among other things, a one-year statute of limitations on motions by prisoners under section 2255 seeking to modify, vacate, or correct their federal sentences." *Odie v. United States*, 42 F.4th 940, 944 (8th Cir. 2022) (quoting *Muhammad v. United States*, 735 F.3d 812, 815 (8th Cir. 2013)); 28 U.S.C. § 2255(f). The one-year limit runs "from the latest of" the date in which (1) the judgment of conviction becomes final; (2) a government barrier to filing a § 2255 motion is removed; (3) a right was newly recognized by the Supreme Court, if that right was made retroactively applicable on collateral review; and (4) new facts supporting the claim could have been discovered through due diligence. 28 U.S.C. § 2255(f).

After completing the required initial review, the Court has determined Burr's motion was filed outside the one-year statute of limitation. There is nothing in the motion indicating any subsection other than § 2255(f)(1) applies. *See Feather v. United States*, 18 F.4th 982, 988 (8th Cir. 2021) ("The exceptions in §§ 2255(f)(2) and (4) do not apply because the government created no impediment to filing the claim and its factual allegations have been apparent . . . [and §] 2255(f)(3) does not apply because [no applicable Supreme Court case has] 'recognized a new right' nor made it 'retroactively applicable to cases on collateral review.'"). Burr otherwise presents no facts or argument to explain the untimeliness of his motion.

Burr's judgment of conviction became final on September 30, 2020, after his fourteen-day limit to file a notice of appeal expired. *See Anjulo-Lopez v. United States*, 541 F.3d 814, 816 n.2 (8th Cir. 2008) (explaining a conviction becomes final under § 2255(f)(1) when the period for filing a notice of appeal expires). The applicable statute of limitation ran one year later. Because Burr did not file this motion until January 31,

2

2023, the motion is untimely.[1] It plainly appears that Burr is not entitled to relief and his § 2255 motion is dismissed.

The Court will not issue a certificate of appealability. It can only issue a certificate if Burr has "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also* Fed. R. App. P. 22(b)(1). He has made no such showing.

Based on the foregoing,

IT IS ORDERED:

1. Defendant Charles L. Burr's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Filing No. 155) is denied.
2. No certificate of appealability will issue.
3. A separate judgment will be issued in accordance with this Order.
4. The Clerk of Court is directed to send a copy of this Order to Burr at his address of record.

Dated this 17th day of February 2023.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge

---

[1] Burr does not argue that equitable tolling applies, and the Court has not found any reason it should. *See Muhammad*, 735 F.3d at 815 (explaining equitable tolling only applies when the defendant can show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)).