IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>     v.<br><br>CHARLES L. BURR,<br><br>                Defendant. | 8:19CR101<br><br>MEMORANDUM<br>AND ORDER |

      This matter is before the Court on defendant Charles L. Burr's ("Burr") *pro se* motions for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A)[1] (Filing No. 173) and for the Court to appoint him counsel (Filing No. 174). On June 15, 2020, Burr pleaded guilty pursuant to a written plea agreement to one count of conspiring to distribute and possess with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1) and 846. On September 14, 2020, Burr—who has a criminal history category of VI—was sentenced to 204 months imprisonment to be followed by ten years of supervised release.[2] *See* U.S.S.G. § 4B1.1(a).

      Burr asserts his circumstances and the November 2023 amendments to the United States Sentencing Guidelines ("Guidelines") entitle him to sentencing relief. To start, he highlights that he "has an exemplary prison record" and has committed to "rehabilitate himself and change from his past transgressions." Burr also reports that his stepfather and mother are suffering from serious medical conditions and that, upon release, he would plan to be their caretaker. Further, he states his prolonged experience in "solitary

---

    [1]Motions for sentence reductions under § 3582(c)(1)(A)(i) are commonly referred to as motions for "compassionate release." *See United States v. Crandall*, 25 F.4th 582, 583 (8th Cir. 2022).

    [2]The late Honorable Laurie Smith Camp, Senior District Judge, presided over Burr's case through his sentencing. This matter was reassigned on March 22, 2022, due to her death.

confinement-type conditions" during the COVID-19 pandemic contributes to "extraordinary and compelling" grounds for compassionate release.

Burr also appears to ask the Court to reconsider the impact his prior conviction for marijuana possession had on his criminal history calculation at sentencing. Finally, he outlines the § 3553(a) factors and sentencing policies that he believes support sentencing relief in his case.

On April 29, 2024, the Court entered General Order No. 2023-09 (Filing No. 176) in Burr's case, appointing counsel to investigate his claim for relief under Amendment 821 to the Guidelines. The United States Probation and Pretrial Services Office later produced a retroactive sentencing worksheet indicating that Burr was "not entitled to a sentence reduction under Amendment 821." As a result, the Court denied that part of Burr's motion for compassionate release on June 4, 2024, and permitted his counsel to withdraw (Filing No. 180). The Court now considers Burr's remaining grounds.[3]

The Court may "modify a term of imprisonment . . . after considering the § 3553(a) factors" where it finds "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). Burr "bears the burden to establish that compassionate release is warranted." *United States v. Avalos Banderas*, 39 F.4th 1059, 1062 (8th Cir. 2022).

Choosing not to define it themselves, "Congress directed the [United States Sentencing] Commission to define 'what should be considered extraordinary and

---

[3]Because the warden of Burr's facility denied his request for compassionate release on February 15, 2024, his motion qualifies for judicial review. *See* 18 U.S.C. § 3582(c)(1)(A) (allowing a defendant to move for compassionate release only after "the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility"); *United States v. Houck*, 2 F.4th 1082, 1084 (8th Cir. 2021) (describing that requirement as a "mandatory claim-processing rule").

compelling reasons" for compassionate release. *United States v. Rodriguez-Mendez*, 65 F.4th 1000, 1002 (8th Cir. 2023) (quoting 28 U.S.C. § 944(t)). The resulting policy statement outlines various circumstances that may constitute extraordinary and compelling reasons for relief and a few that do not. *See* U.S.S.G. § 1B1.13; *see also Concepcion v. United States*, 597 U.S. 481, 491 (2022) (explaining that the district court's discretion at sentencing extends to considerations in modifying a sentence except where "Congress or the Constitution expressly limits the type of information a district court may consider")

Under § 1B1.13(b)(3), extraordinary and compelling grounds for relief may exist due to "[t]he incapacitation of the defendant's parent when the defendant would be the only available caregiver for the parent," or where similar circumstances exist with regard to an "immediate family member." Burr provides information regarding his parents' serious medical conditions as well as a letter from his mother describing their need for daily assistance. However, while Burr seeks release to be their caretaker, he doesn't establish that he is "the only available caregiver" for his mother and stepfather. U.S.S.G. § 1B1.13(b)(3). Nor is there any indication that he provided assistance or support for his parents before his present incarceration. For those reasons, he fails to demonstrate his family circumstances present grounds for compassionate release at this time.

Neither do any of the other grounds for relief Burr details constitute extraordinary and compelling circumstances. While his efforts at rehabilitation and pursuit of programming in prison are commendable, "rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason" for sentencing relief. *Id.* § 1B1.13(d); *see also* 28 U.S.C. § 994(t) ("Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason.").

His exposure to "solitary confinement-type conditions" during the COVID-19 pandemic also does not warrant a sentence reduction here. As Burr asserts, such "conditions, not contemplated by the original sentencing court," may "increase a prison

sentence's punitive effect." *United States v. Kibble*, 992 F.3d 326, 335-36 (4th Cir. 2021) (Gregory, C.J., concurring). Here, however, Burr only vaguely describes the restricted conditions he faced for "2 to 3 years" out of his lengthy seventeen-year sentence. Under such circumstances, the Court cannot conclude that experience—although understandably difficult—has reached or surpassed the punitive level intended by his overall sentence or is otherwise extraordinary and compelling. *See United States v. Marcussen*, 15 F.4th 855, 858 (8th Cir. 2021) (stating that a claim regarding an individual's threat of contracting COVID-19 requires "individualized inquiry" but that the "existence of a persistent" widespread event was not a ground for relief); *United States v. Macfarlane*, 483 F. Supp. 3d 125, 127 (D. Mass. 2020) (granting a defendant's motion for compassionate release where his "two-week confinement in solitary quarantine in a higher security facility" was deemed to be "the equivalent of two months in the Camp to which he was originally assigned").

Burr further asks the Court to consider the "change in law" with respect to his prior conviction for marijuana possession, though he notes that any change to that conviction "would keep [him] in [criminal history] Category VI." *See* U.S.S.G. § 4A1.1; Neb. Rev. Stat. § 28-416(13)(a). The Court acknowledges that, under current Nebraska law, that offense has been reduced to an infraction, *see* Neb. Rev. Stat. § 28-416(13)(a), but finds that change is also not "extraordinary and compelling," *see* §1B1.13(c) (providing that, with limited exceptions, "a change in the law . . . shall not be considered for purposes of determining whether an extraordinary and compelling reason exists"); *Rodriguez-Mendez*, 65 F.4th at 1001-04 (concluding that *Concepcion* did not alter the circuit's prior holding that "a non-retroactive change in law regarding sentencing . . . 'whether offered alone or in combination with other factors, cannot contribute to a finding of extraordinary and compelling reasons for a reduction in sentence'" (quoting *United States v. Crandall*, 25 F.4th 582, 586 (8th Cir. 2022))). As Burr himself recognizes, that change in law also results in no sentencing difference.

4

In conclusion, because of Burr's extensive criminal history, the fact that he has served less than half of his sentence, and his present failure to demonstrate extraordinary and compelling familial or other circumstances warranting compassionate release, his motion is denied.

IT IS ORDERED:

1. Defendant Charles L. Burr's motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A) (Filing No. 173) is denied.

2. The Court previously appointed counsel to represent Burr with regard to Amendment 821 to the U.S. Sentencing Guidelines. Beyond that issue, Burr's Motion for Appointment of Counsel (Filing No. 174) is denied.

Dated this 7th day of June 2024.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge